DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT J. POWELL,**
Appellant,

v.

**CHRISTINA M. POWELL,**
Appellee.

No. 4D2025-3331

[August 12, 2026]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Dunifon Shull, Judge; L.T. Case No. 502017DR008742XXXXMB.

Roger Levine and Amy D. Shield of Shield & Levine, P.A., Boca Raton, for appellant.

Jacqueline Spence of the Affordable Law Center, PLLC, West Palm Beach, for appellee.

CONNER, J.

Robert Powell ("Former Husband") appeals from the circuit court's nonfinal order granting Christina Powell's ("Former Wife") motion—filed under section 61.520, Florida Statutes (2025)—to transfer pending child custody modification petitions to North Carolina, based on Florida allegedly being an inconvenient forum. We conclude that all of Former Husband's arguments for reversal lack merit, except for his argument regarding child support modification, for which Florida continues to have continuing, exclusive jurisdiction. Thus, we reverse the trial court order in part, and remand for entry of an amended order which retains continuing, exclusive jurisdiction over child support modification.

**Background**

When the parties' marriage was dissolved in Florida, they had three minor children. Former Wife was in the military, attending medical school. The dissolution final judgment adopted a marital settlement agreement and parenting plan addressing parental responsibilities and decision

making, timesharing, and child support. The final judgment gave Former Husband majority timesharing with the children, but the final judgment was later amended to provide Former Wife with majority timesharing. At one point, an agreed order was entered approving Former Wife's relocation with the children to North Carolina as part of her military service.

The parties later filed competing petitions for modification of parental responsibilities. Former Husband's modification petition included a request to modify child support.

While the modification petitions were pending, Former Wife filed a motion pursuant to section 61.520, Florida Statutes, to transfer pending matters in the underlying case to North Carolina based on Florida allegedly having become an inconvenient forum. The motion acknowledged that the lower court had exclusive jurisdiction over the case. However, the motion contended that transferring pending matters was appropriate because, among other things: (1) the children had not resided in Florida for over five years; (2) Former Wife intended to remain in North Carolina following her discharge from the military in the coming year; and (3) Former Wife intended to call, as witnesses in support of her modification petition, at least seven North Carolina residents (the children's teachers, counselors, and other providers).

Former Husband's written response argued the transfer motion must be denied because he, the paternal grandparents, and the maternal grandparents all reside in Florida. The response relied largely on the trial court's exclusive, continuing jurisdiction pursuant to section 61.515, and noted generally that the trial court had continuing jurisdiction under section 88.2051, Florida Statutes (2025). As to section 61.520, Former Husband argued the trial court did not have any basis to decline its exclusive jurisdiction and asserted that none of the statutory factors supported a conclusion that Florida was an inconvenient forum.

After a non-evidentiary hearing on Former Wife's transfer motion, the trial court issued a written order granting the motion. The order specifically stated the trial court had considered the factors listed in section 61.520 and found: (1) the children have not resided in Florida for five years but have resided in North Carolina for the last three years with the mother who has majority timesharing; (2) Former Wife asserted substantial evidence existed in North Carolina relevant to the modification petitions; and (3) Former Wife had retained North Carolina counsel in anticipation of the transfer. The order was silent on child support.

2

The trial court denied Former Husband's motion for rehearing and reconsideration. Former Husband gave notice of appeal.

**Appellate Analysis**

A trial court's determination that another state is a more convenient forum for litigation in family matters is reviewed for abuse of discretion. *K.I. v. Dep't of Child. & Fams.*, 70 So. 3d 749, 753 (Fla. 4th DCA 2011) (citation omitted).

This appeal concerns the application and operation of two different statutes in two different chapters of Florida's laws. Both statutes concern case jurisdiction over modifying orders pertaining to children in disputes between parents. "Case jurisdiction" refers to "the power of the court over a particular case that is within its subject matter jurisdiction." *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018) (quoting *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000)). For the analysis below, the term "jurisdiction" refers to case jurisdiction.

Specifically, the two statutes at issue are sections 61.520 and 88.2051. Significantly, the two statutes address different aspects of child welfare. As more fully discussed below, section 61.520 impacts trial court jurisdiction to modify child custody determinations. Section 88.2051 impacts trial court jurisdiction to modify child support orders.

*A. Chapter 61 and Section 61.520*

Florida has adopted the Uniform Child Custody Jurisdiction and Enforcement Act. *See* §§ 61.501-.542, Fla. Stat. (2025). Notably, section 61.503(3), Florida Statutes (2025), defines "child custody determination":

> "Child custody determination" means a judgment, decree, or other order of a court providing for the legal custody, physical custody, residential care, or visitation with respect to a child. The term includes a <u>permanent</u>, <u>temporary</u>, <u>initial</u>, and <u>modification</u> order. <u>The term does not include an order relating to child support or other monetary obligation of an individual</u>.

§ 61.503(3), Fla. Stat. (2025) (emphasis added).

Section 61.515(1), Florida Statutes (2025), addresses the exclusive, continuing jurisdiction over child custody determinations:

3

[A] court of this state which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination until:

(a) A court of this state determines that the child [and] the child's parents . . . do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(b) A court of this state or a court of another state determines that the child [and] the child's parent . . . do not presently reside in this state.

§ 61.515(1), Fla. Stat. (2025) (emphasis added).

When a trial court in Florida has exclusive, continuing jurisdiction over child custody determinations and one of the parents has moved to another state, the Florida court has the power, under section 61.520, to decline its exercise of exclusive, continuing jurisdiction to allow another state to take jurisdiction of modifications of child custody determinations. *Litsch v. Litsch*, 372 So. 3d 315, 317-318 (Fla. 5th DCA 2023). Section 61.520 provides in part:

(1) A court of this state which has jurisdiction under this part to make a **child custody determination** may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

[a list of eight factors].

§ 61.520(1)-(2), Fla. Stat. (2025) (emphasis added).

Significantly, nothing in section 61.520 mentions child support issues as impacting modification jurisdiction. We also note that the definition of

4

"child custody determination" in section 61.503(3) excludes a child support order. *See* § 61.503(3), Fla. Stat. (2025) ("The term does not include an order relating to child support or other monetary obligation of an individual."). Likewise, the definition of "child custody proceeding" in section 61.503(4) does not mention child support. § 61.503(4), Fla. Stat. (2025).

*B. Section 88.2051*

Section 88.2051(1)(a) provides, in pertinent part, that a Florida court issuing an initial **child support** order has continuing, **exclusive** jurisdiction to modify the order if the order is "the controlling order" and "[a]t the time of the filing of a request for modification, this state is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." § 88.2051(1)(a), Fla. Stat. (2025) (emphasis added).

We also note that when a Florida court enters an initial child support order, Florida law makes a distinction between continuing jurisdiction to **modify** the child support order and continuing jurisdiction to **enforce** the child support order. Section 88.2061, Florida Statutes (2025), addresses continuing jurisdiction to **enforce** a Florida child support order. *See Sootin v. Sootin*, 41 So. 3d 993, 994 (Fla. 3d DCA 2010) ("The correct procedure under UIFSA [Uniform Interstate Family Support Act] is to register the . . . support judgment in another state for enforcement there . . . . Even after registration, however, the foreign court must send the case back to the Florida court to consider any modification of the order . . . . Under the UIFSA, out-of-state courts may enforce Florida . . . support orders but may not modify them." (emphasis added; citations omitted)).

*C. Applying the Statutes Here*

Having carefully reviewed the record and arguments presented on appeal, we conclude the trial court had the authority to transfer the jurisdiction to modify the initial child custody determinations to North Carolina under section 61.520. But jurisdiction for child support modification is controlled by section 88.2051. Under section 88.2051, the trial court did not have jurisdiction to transfer the child support modification issue to a North Carolina court, because Former Husband still resides in Florida.

We note again that sections 61.520 and 88.2051 do not refer to each other. Our research has not found any Florida case which directly states

5

that jurisdiction to transfer modification of child custody determinations to another state also includes jurisdiction to transfer modification of child support orders. *Cf. Ivko v. Ger*, 233 So. 3d 1269, 1269, 1271 (Fla. 3d DCA 2017) (reversing order transferring jurisdiction over "child support/visitation issues from Florida to Pennsylvania" because "continuing jurisdiction to modify the child support order remains with the Miami-Dade Circuit court"). Given the clear language of both section 61.520 and section 88.2051, the discretion to transfer jurisdiction to modify child custody determinations is broader than the grounds for transferring jurisdiction to modify child support orders. Significantly, Chapter 88 does not contain a statute comparable to section 61.520.

Our conclusion is further reenforced by section 88.1031(2)(b), Florida Statutes (2025), which states: "This act [the Uniform Interstate Family Support Act] does not . . . [g]rant a tribunal of this state jurisdiction to render judgment or issue an order relating to child custody or visitation in a proceeding under this act." § 88.1031(2)(b), Fla. Stat. (2025). Thus, the power over child support orders does not include the power to issue or modify child custody determinations.

Finally, we note that Former Wife's answer brief concedes the trial court did not have jurisdiction to transfer Former Husband's petition to modify child support to North Carolina. However, Former Wife suggests the transfer order does not state that jurisdiction to modify child support orders was transferred to North Carolina. Yet, in our view, the transfer order can be read to transfer jurisdiction over all matters, including child support, pending in the Florida suit to North Carolina. The transfer order should have clearly stated that jurisdiction over child support modification remains in Florida, as section 88.2051 requires. Thus, we deem the transfer order to be in error, because it fails to clearly retain jurisdiction over child support modification.

## Conclusion

We find no merit to Former Husband's arguments seeking reversal of the trial court's order permitting the transfer of case jurisdiction to modify orders pertaining to child custody, time sharing, parental decision-making and parental responsibility generally to North Carolina as the more convenient forum. However, we reverse the transfer authorization for failure to retain continuing, exclusive jurisdiction over issues of child support modification. We remand for the trial court to amend the order authorizing transfer of jurisdiction to North Carolina in a manner that complies with section 88.2051, Florida Statutes (2025).

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and SHAW, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**